## 7289

### RUSH v. HILTON.

Deed—Assignment—Title.—The simple assignment on the back of a deed granting the right to grantee to enter upon a tract of land and to cut and remove therefrom such timber as he may select, and granting to him, his heirs and assigns the right and privilege to construct all necessary roads and rights of way for the purpose of cutting and removing such timber, does not carry to assignee the title to the timber, but invests him in equity with all the rights of grantee.

Before Gary, J., Kershaw, June, 1908. Affirmed.

Action by M. J. Rush against J. C. Hilton. From order dissolving temporary injunction, plaintiff appeals.

*Messrs. Clarke & von Tresckow,* for appellant, cite: *Power to select can not be delegated:* 61 Ill., 119.

*Mr. E. D. Blakeney,* contra, cites: *The action is in equity:* 79 S. C., 266. *Assignment on deed carries interest of assignor:* 6 L. R. A., 663. *License to cut timber is assignable:* 13 Ency., 1031; 23 S. C., 16.

September 21, 1909. The opinion of the Court was delivered by

Mr. Justice Hydrick. On February 15, 1906, the plaintiff executed and delivered to Stevens Lumber Company, a copartnership, her deed, which, omitting the merely formal parts and so much of it as is not involved in the questions under consideration, was as follows: "That, for and in consideration of the payment of three hundred dollars, the party of the first part agrees that said party of the second part may, at any time from date hereof, enter upon that tract of land (describing it) and cut and remove therefrom all timber as the party of the second part may

select, and the party of the first part does grant, bargain, release and sell to the party of the second part, their heirs and assigns, the right and privilege to construct and maintain upon said tract all necessary roads and rights of way for the purpose of cutting and removing said timber, and all machinery and other privileges necessary for doing so, for the term of three years, * * * and the party of the first part does hereby bind her heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Stevens Lumber Company, their heirs and assigns, against the party of the first part, her heirs, and any other person or persons whomsoever, lawfully claiming or to claim the same or any part thereof."

Thereafter Stevens Lumber Company, for value, transferred the deed to the defendant by the following indorsement thereon: "For value received we hereby transfer the within contract to J. C. Hilton, without recourse."

The defendant was cutting the timber when the plaintiff brought this action for damages and injunction.

On the verified complaint his Honor, Judge Gary, granted a temporary restraining order and rule to show cause why the defendant should not be enjoined till the hearing. For return to the rule the defendant relied upon the said deed and his rights thereunder. His Honor refused the motion for injunction and dissolved the restraining order. The plaintiff appealed.

The grounds of appeal raise only two questions:

1. Whether the transfer of the deed conveyed the rights of the grantees thereunder to the defendant.

2. Whether, under the terms of the deed, any other than the grantees could select, cut and remove the timber.

While the transfer of the deed was not sufficient to convey to the defendant the legal title to the timber, or other rights conveyed to the grantees, it was sufficient in equity to invest him with all their rights under the deed.

*Craig* v. *Craig,* Bail. Eq., 102; *Pope* v. *Montgomery,* 24 S. C., 594; *Trustees* v. *Bryson,* 34 S. C., 401, 13 S. E., 619.

The plaintiff can not ask a court of equity to aid her in denying to the defendant his equitable rights. Who asks equity must do equity.

By the terms of the deed all the rights granted to Stevens Lumber Company were likewise granted to "their heirs and *assigns*." The right to select and cut and remove the timber was one of the rights so granted. From the grant to Stevens Lumber Company, their heirs and "assigns," of the right to construct and maintain roads "for the purpose of cutting and removing said timber," it must be inferred that the grantor intended that their "*assigns*" should have the right to cut and remove the timber. Else, why grant them the right to build roads for that purpose?

The judgment of the Circuit Court is affirmed.